UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cr-00034-KJM |
| Plaintiff, | |
| v. | ORDER |
| JERRY WAYNE BAKER, | |
| Defendant. | |

Defendant Jerry Wayne Baker moves for reconsideration of the magistrate judge's denial of his request that he be brought to court for an initial appearance hearing on his pending supervised release violation. ECF No. 116. As explained below, defendant's motion for reconsideration is DENIED.

On October 1, 2018, this court issued a violation petition and arrest warrant in light of defendant's alleged violation of his conditions of supervised release. ECF No. 104. Defendant moved to have his violation proceedings scheduled in a speedy manner, in the hope he might obtain bail and dispute both the violation petition and pending state charges while released pending resolution of both matters. ECF Nos. 106, 107, 108. On December 19, 2018, the magistrate judge heard the motion and denied defendant's request to schedule an initial appearance hearing. ECF Nos. 110, 115. In so doing, the magistrate judge reasoned: "In these

1

situations we allow the government to figure out how it wants to proceed on the supervised release petitions and leave it to the discretion of the probation officer . . . . The probation officer and the prosecutor each have a role in figuring out how we're going to proceed and what you're asking for is extraordinary." ECF No. 115 at 10:10–15. Defendant now asks this court to reconsider the magistrate judge's decision, arguing that Federal Rule of Criminal Procedure 32.1(a)(1) entitles him to an initial appearance without unreasonable delay. ECF No. 116.

When seeking reconsideration, Local Rule 430.1(i)(3) requires the moving party to set forth "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." E.D. Cal. R. 430.1(i)(3). Under the rule applicable here, Federal Rule of Criminal Procedure 32.1(a)(1), "A person held in custody for violating probation or supervised release must be taken without unnecessary delay before the magistrate judge." This right arises under the Due Process Clause of the Fifth Amendment. *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008). In the Ninth Circuit, to obtain the relief defendant here requests, he must show: (1) an unreasonable delay and (2) actual prejudice. *Id.* at 1260–61.

Defendant fails to show what new or different circumstances exist to justify deviation from the magistrate judge's order, and, in light of Ninth Circuit authority, the magistrate judge's decision should stand on the reasonableness prong alone. "Reasonableness involves the balancing of the length of the delay and the reason given for the delay." *United States v. Swanson*, 300 F. App'x 561, 562 (9th Cir. 2008) (citing *Santana*, 526 F.3d at 1260). Having reviewed the record, the court finds defendant has not met his burden of showing the magistrate judge unreasonably found the delay thus far in scheduling his appearance before the court has itself been unreasonable. Having reviewed his filings, the court cannot be certain of the exact delay defendant claims. Delay is measured "between the date [defendant] would have been released from state custody . . . and the date of the initial appearance." *Santana*, 526 F.3d at 1260. Here, defendant gives no indication when he was, or should have been, released from state custody. He says merely that he was arrested for robbery on October 11, 2018. ECF No. 107. In sum, he provides no specific date from which he says the alleged deprivation should be measured.

He does say, again without providing meaningful details, he "need[s] this probation hold lifted so that [he] can bail out of jail [and] get back to work." ECF No. 106. His argument is insufficient to show unreasonable delay.

At the December 19, 2018 hearing before the magistrate judge, defense counsel did not argue any chronology to demonstrate delay, but argued only more generally "[t]here's nothing that would prevent the federal government from bringing him to address that supervised release petition . . . . But in the meantime he just is sitting there. He cannot bail out. This hold is keeping him in place." ECF No. 115 at 5:12–19. Such generalized claims provide no basis for a finding of unreasonableness in any delay. *See Swanson*, 300 F. App'x at 562 (considering 121-day delay in *Santana* and seven-month delay in *United States v. Wickham*, 618 F.2d 1307, 1310–11 (9th Cir. 1979)). Moreover, defendant has not shown how the government's interests in trailing federal supervised release revocation proceedings to follow state proceedings can lead to the kind of unreasonable delay the federal rule is designed to prevent. *See* ECF No. 119 (explaining that forced government prosecution would promote, among other things, inefficient resolution and infringe on prosecutorial discretion).

While the court need not reach the question of prejudice, it notes defendant has made no attempt to satisfy his burden under this prong as well. *See Santana*, 526 F.3d. at 1261 (explaining three types of actual prejudice: "oppressive pre-trial incarceration, unnecessary anxiety of the accused, and impairment of the accused's ability to mount a defense." (citing *Barker v. Wingo*, 407 U.S. 514, 532 (1972))).

For these reasons, defendant's motion for reconsideration, ECF No. 116, is DENIED.

IT IS SO ORDERED.

DATED: March 26, 2019.

_____
UNITED STATES DISTRICT JUDGE