UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cr-00034 KJM |
| Plaintiff, | |
| v. | ORDER |
| JERRY WAYNE BAKER | |
| Defendant. | |

This case came before the undersigned on the criminal duty calendar of May 14, 2019, on defendant's motion to address the status of counsel, ECF No. 130. A petition to revoke defendant's supervised release was filed on October 1, 2018, ECF No. 104, and has since been superseded, ECF No. 120. The government has elected not to proceed on the petition until various state charges pending against defendant are resolved. The court previously denied defendant's request that he be brought before this court without further delay for an initial appearance on the violation petition. ECF Nos. 116, 127. Defendant has continued to file miscellaneous requests in pro se, and he seeks the removal of CJA counsel David Fischer. See, e.g., ECF Nos. 121, 125, 130. At today's hearing, Mr. Fisher clarified that Mr. Baker is requesting issuance of a writ for his appearance at a Faretta[1] hearing, so that a determination can

---

[1] See Faretta v. California, 422 U.S. 806 (1975).

1

be made at this time whether to grant him pro se status for purposes of future revocation proceedings.

Because no initial appearance is scheduled, a Faretta hearing is premature. Until formal proceedings commence in this court, there are no substantive steps to be taken on defendant's behalf by either Mr. Fischer or Mr. Baker in pro se. Accordingly, a decision whether Mr. Baker may waive his right to counsel and represent himself at a revocation hearing need not be made at this time. The court understands that defendant wishes to be accorded pro se status so that he can have improved access to the phone and law library at the Solano County Jail, see ECF No. 125, and will assume that this is desired for the purposes of researching and investigating matters related to the alleged violations of supervised release. But that is not a sufficient basis for conducting a Faretta hearing prior to initial appearance.

Moreover, defendant's penchant for filing frequent miscellaneous requests, even after being advised that his pro se filings will be disregarded, weighs against granting pro se status at this time. The interests of justice and of judicial economy are served by maintaining the current status of counsel until Mr. Baker's initial appearance, when he may make a formal Faretta motion.

Accordingly, the motion for a Faretta hearing, ECF No. 130, is DENIED.

SO ORDERED.

DATED: May 14, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE